# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER LEE BREWER,**  PLAINTIFF
**ADC #552546**

v.  **4:19CV00763-LPR-JTK**

**FAULKNER COUNTY DETENTION CENTER,** *et al.*  DEFENDANTS

## ORDER

The Court received and reviewed the Proposed Findings and Recommendations ("Recommendation") filed by Magistrate Judge Jerome T. Kearney. The parties have not filed objections. After careful review of the Recommendation and the record, the Court approves and adopts the Recommendation with the following two modifications.

First, in addition to the reasons cited by Judge Kearney, Defendants Faulkner County Detention Center and Lieutenant Huffman should be dismissed because they were not named in the Amended Complaint. In a previous Order dated October 30, 2019, Judge Kearney correctly concluded that Plaintiff's original Complaint failed to state a claim. (Doc. 5). Instead of dismissing the case, Judge Kearney gave Plaintiff an opportunity to amend his Complaint pursuant to Federal Rule of Civil Procedure 8(a)(2). Judge Kearney cautioned Plaintiff "that an Amended Complaint renders his original Complaint without legal effect." (Doc. 5) (citing *In Home Health, Inc. v. Prudential Ins. Co. Of America*, 101 F.3d 600, 603 (8th Cir. 1996)). In response, Plaintiff submitted an Amended Complaint that named some, but not all, of the Defendants named in the original Complaint. As a result, those not named in the Amended Complaint have no claim against them.

Second, the Recommendation implicitly allows Plaintiff's claims against Sergeant Collins and Officer Hudsbeth to proceed. I agree with this portion of the Recommendation with respect to these two Defendants *in their individual capacities*. For purposes of screening only, Plaintiff's individual capacity claims against these two Defendants arguably state a claim. It is a close call. But because a *pro se* litigant's complaint must be liberally construed, the Court will give Plaintiff the benefit of the doubt.

The Plaintiff's claims against these two Defendants *in their official capacities*, however, do not survive. When a plaintiff sues a government officer in his or her official capacity, that plaintiff functionally sues the "employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007)). To viably state this type of claim a plaintiff must identify a policy, custom, or practice of the applicable governmental entity that was the cause of and moving force behind the plaintiff's injury. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403-405 (1997). This requirement ensures that the applicable entity is held liable "only for those deprivations resulting from the decisions of … those officials whose acts may fairly be said to be those" of the relevant entity. *Id*. at 403-404. Here, Plaintiff has not alleged that the conduct or omissions of Sergeant Collins or Officer Hudsbeth resulted from any such policy, custom, or practice. Accordingly, Plaintiff's official capacity claims against Sergeant Collins and Officer Hudsbeth—and, indeed, against all Defendants—must be dismissed. This leaves Plaintiff with only two remaining claims: one claim against Sergeant Collins in his individual capacity, and one claim against Officer Hudsbeth in his individual capacity.

Therefore, the Court slightly modifies the Recommendation so that the official capacity claims against Sergeant Collins and Officer Hudsbeth are DISMISSED. To the extent that one could read the Recommendation as not dismissing the official capacity claims against the other Defendants, they also should be and are hereby DISMISSED. With those slight modifications, the Court adopts the Recommendation.

IT IS ORDERED THAT:

1. The claims against Defendants Faulkner County Detention Center, Captain Miller in his official and individual capacities, Lieutenant Huffman in his official and individual capacities, Nurse Munyan in his official and individual capacities, and Dr. Doe in his official and individual capacities are DISMISSED for failure to state a claim upon which relief may be granted.

2. The claims against Sergeant Collins and Officer Hudsbeth, in their official capacities only, are DISMISSED for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED this 12th day of December, 2019.

<u>Lee P. Rudofsky</u>
UNITED STATES DISTRICT JUDGE
